**UNITED STATES of America**

v.

**Teddy COPPEDGE, Appellant.**

**No. 09–3131.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Feb. 10, 2010.

Filed: March 11, 2010.

Joseph S. Grubb, Karen Lantz, Esq., John C. Snyder, Esq., Office of United States Attorney, Wilmington, DE, for Appellee.

Edson A. Bostic, Esq., Keir Bradford, Esq., Daniel I. Siegel, Esq., Office of Federal Public Defender, Wilmington, DE, for Appellant.

Before: SLOVITER, ROTH, and TASHIMA,* Circuit Judges.

OPINION

SLOVITER, Circuit Judge.

Appellant Teddy Coppedge, who pled guilty to charges of being a felon in possession of a firearm, appeals the District Court's denial of his motion to suppress evidence seized during a warrantless search of his automobile. At issue on appeal is whether Coppedge voluntarily consented to the search. We conclude that the District Court did not clearly err in finding that he did so consent, and we will accordingly affirm the District Court's order.

---

* Honorable A. Wallace Tashima, Senior Judge of the United States Court of Appeals for the Ninth Circuit, sitting by designation.

## I.

On April 8, 2008, two detectives of the City of Wilmington Police Department observed Coppedge run a red traffic signal while driving a white Buick. Because both detectives were dressed in plainclothes and were riding in an unmarked police vehicle, they started to call for a marked car to come perform the traffic stop. When Coppedge then parked the car he was driving and began to walk away, the officers decided to stop him themselves. They put on police vests (with "POLICE" marked across front and back), stopped Coppedge, handcuffed him, and sat him on the ground. The officers noted that Coppedge offered no resistance, and that he looked shaken and upset.

One of the officers testified that using handcuffs on Coppedge was necessary to protect the officers and to prevent him from fleeing. The officer further testified that, at this point, Coppedge was being detained for the traffic violation and would be free to leave once the ticket was issued. As part of the traffic stop, one of the officers asked Coppedge how he had arrived there, to which he replied that he had walked. Coppedge then consented to a pat down search, and the officer discovered a Buick key. Coppedge told the officer that the key belonged to his cousin and that the car was parked in another part of town; however, after the officer asked him if the key was actually for the white Buick parked across the street, Coppedge admitted that it was. The officer then asked Coppedge if there was anything in the car that the officer should know about, to which Coppedge replied there was a small amount of "bud" (meaning marijuana) in the center console. App. at 44. The offi-

cers then searched the vehicle, observed what appeared to be marijuana in the center console and found approximately 40 grams of marijuana in the glove box along with a loaded handgun. Coppedge was placed under arrest and later indicted for being a felon in possession of a firearm.

Coppedge filed a motion to suppress the physical evidence and statements from the traffic stop and search. The District Court denied this motion, finding that Coppedge had voluntarily consented to the warrantless search of his automobile and that he had not been in custody for *Miranda* purposes. Coppedge then entered a conditional plea of guilty, reserving his right to appeal the District Court's adverse ruling on his suppression motion.[1]

## II.

"We review ... the denial of the motion to suppress for clear error as to the underlying facts, but exercise plenary review as to its legality in light of the district court's properly found facts." *United States v. Givan*, 320 F.3d 452, 458 (3d Cir.2003) (internal quotations and brackets omitted).

Coppedge appeals only the District Court's denial of his motion to suppress the physical evidence from the automobile search. Therefore, our review is limited to the Fourth Amendment issues concerning the search, and we need not consider whether Coppedge was in custody for Fifth Amendment *Miranda* purposes.

It is well established that police officers may constitutionally conduct a search without a warrant or probable cause based upon an individual's voluntary consent. *Schneckloth v. Bustamonte*, 412 U.S. 218, 222, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973). Voluntariness "is a question of fact to be determined from the totality of all the circumstances." *Id.* at 227. Evidence that

---

1. The District Court had jurisdiction under 18 U.S.C. § 3231 and this court has jurisdiction under 28 U.S.C. § 1291.

the consent was induced by police coercion renders the consent invalid. *Id.* We have held that "the critical factors comprising a totality of the circumstances inquiry ... include[ ] the setting in which the consent was obtained, the parties' verbal and non-verbal actions, and the age, intelligence, and educational background of the consenting [party]." *Givan,* 320 F.3d at 459.

Applying the totality of the circumstances test to the facts adduced at the suppression hearing, we conclude that the District Court did not clearly err in determining that Coppedge voluntarily consented to the search. In his testimony at the suppression hearing, Officer Riley asserted that Coppedge consented to a search of the Buick by admitting to lying, acknowledging ownership of the Buick, and admitting that there was marijuana in the car. This assertion was not challenged on cross examination. Even though Coppedge was handcuffed at the time he gave his consent, the District Court concluded that this did not constitute a "custodial interrogation" that might render his consent involuntary, a finding which Coppedge has not challenged on appeal. *See United States v. Willaman,* 437 F.3d 354, 360 (3d Cir. 2006). In addition, the evidence indicates his consent was not induced by police coercion: (i) he was seated on a public street, rather than confined to a police station or police car; (ii) the officers made no promises or threats to Coppedge; and (iii) there were only two police officers present when consent was obtained. *See Givan,* 320 F.3d at 459; *United States v. Kim,* 27 F.3d 947, 954–5 (3d Cir.1994).

### III.

For the reasons set forth above, we will affirm the District Court's ruling.